IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 09-134 |
| | ) |
| SARAH BLAIR, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

AND NOW, this 26th day of July 2022, upon consideration of the motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Sarah Blair ("Defendant") *pro se* in the above-captioned matter on September 18, 2020,[1]

IT IS HEREBY ORDERED that, for the reasons set forth below, the motion is DENIED.

Defendant is serving a 235-month term of imprisonment for armed bank robbery. (Doc. No. 61). She is housed at FCI Aliceville in Aliceville, Alabama. *Find an Inmate*, BUREAU OF PRISONS (July 18, 2022), https://www.bop.gov/inmateloc/. Her anticipated date of release is June 6, 2030. *Id.* Defendant has moved the Court to reduce her sentence pursuant to its limited authority to modify an imposed term of imprisonment at 18 U.S.C. § 3582(c)(1)(A). She argues that a reduction of her term of imprisonment is warranted by the risk COVID-19 poses to her health, the excessive length of her sentence, and her rehabilitation.[2] For the reasons set forth below, the Court will deny the motion.

---

[1] The Court also considered the Government's arguments in opposition and exhibits at Doc. Nos. 115, 116, 127, and 130; and Defendant's arguments and exhibits at Doc. Nos. 129, 131, 132, 134, and 135.

[2] Defendant is proceeding *pro se* and is therefore entitled to a liberal construction of her motion. *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

1

Motions for a reduction in sentence pursuant to Section 3582(c)(1)(A) are commonly known as "compassionate release" motions. *See United States v. Andrews*, 12 F.4th 255, 257—58 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446, 212 L. Ed. 2d 541 (2022). A district court's authority to grant a compassionate release motion and shorten a defendant's term of imprisonment is a limited exception to the general rule that courts lack authority to modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)). Compassionate release motions may be brought before the courts by the Director of the Bureau of Prisons ("BOP") or by defendants themselves. *United States v. Claude*, 16 F.4th 422, 426 (3d Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)) (explaining that defendant-initiated motions were only recently authorized by The First Step Act (2018) and its amendments to Section 3582(c)(1)(A)). To file such a motion on his or her own behalf, a defendant must have first "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his/her] behalf" or have waited for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The district court may grant the motion if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i).

In this matter, Defendant appears to have asked her warden to file a compassionate release motion for her more than thirty days before she presented her motion to the Court. Therefore, Defendant's satisfaction of the administrative exhaustion requirement is not disputed. The parties primarily dispute whether Defendant has shown that there are extraordinary and compelling reasons that warrant reducing her term of imprisonment. The statute itself does not provide a definition for "extraordinary and compelling reasons." Instead, "Congress delegated

the authority to define 'extraordinary and compelling reasons' to the United States Sentencing Commission." *United States v. Lindsay*, No. 3:13-CR-1, 2022 WL 1720458, at *3 (W.D. Pa. May 27, 2022). The Sentencing Commission provided a definition in the United States Sentencing Guidelines ("USSG") at Section 1B1.13 cmt. n.1. Therein the Commission defined "extraordinary and compelling reasons" to include certain "(1) medical conditions, (2) complications in old age, (3) family circumstances, and (4) 'other reasons' as determined by the Director of the Bureau of Prisons." *Andrews*, 12 F.4th at 258. Because Section 3582(c)(1)(A) requires that any reduction of a term of imprisonment be "consistent with applicable policy statements issued by the Sentencing Commission," the district courts were required to adhere to that definition.

When Section 3582(c)(1)(A) was amended in 2018, a question arose as to whether the Sentencing Commission's statement defining "extraordinary and compelling reasons" continued to be "applicable" and, therefore, binding. *Andrews*, 12 F.4th at 259. Answering that question, the United States Court of Appeals for the Third Circuit held that Section 1B1.13 cmt. n.1 no longer binds district courts' discretion. *Id.* So holding, the Third Circuit agreed with the majority of federal appellate courts. *Id.* (citing cases). Though no longer bound by that previous definition, district courts continue to look to it for guidance. *Id.* at 260 (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)) ("The policy statement's descriptions of extraordinary and compelling circumstances can 'guide discretion without being conclusive.'"). District courts may find other extraordinary and compelling reasons so long as they do not stray from the ordinary meaning of the statutory text. The words employed by the statute require that movants present a reason or reasons that are "extraordinary" and "compelling," that is, "**unusual** (*i.e.*, unique to the inmate, and beyond the ordinary hardship of prison)

3

and *significant* (*i.e.*, serious enough to make release appropriate)." *United States v. Somerville*, 463 F. Supp. 3d 585, 595—96 (W.D. Pa. 2020).  A court may not grant a defendant's compassionate release motion based on rehabilitation alone.  28 U.S.C. § 994(t).  Further, the Third Circuit has held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" because it is not "extraordinary" for a defendant to serve a congressionally prescribed sentence that was lawfully imposed.  *Andrews*, 12 F.4th at 260—61 (citing *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)).

      In this matter, Defendant has presented three reasons that she argues are extraordinary and compelling when combined, if not individually.  First, she has argued that she is at risk of serious illness or death if she is exposed to COVID-19 because of underlying health conditions.  Second, she has argued that the term of imprisonment imposed by the Court (235 months) is longer than necessary to accomplish the goals of sentencing.  Third, she has argued that her rehabilitation justifies her early release.  Though the Court is understanding of Defendant's health concerns and commends her for steps she has taken toward rehabilitation, the reasons she has offered to justify a reduction of her sentence are not extraordinary and compelling.

      The Court first addresses Defendant's second proposed reason for reducing her term of imprisonment: her argument that 235 months is longer than necessary to achieve the goals of sentencing.  Pursuant to the Third Circuit's decision in *Andrews*—that the duration of a lawfully imposed sentence is not an extraordinary and compelling reason to reduce that sentence, 12 F.4th at 261—the Court rejects this reason.  That leaves Defendant's first and third proposed reasons: health risks associated with COVID-19 and rehabilitation.  As the Court has explained herein, rehabilitation cannot be found to be an extraordinary and compelling reason on its own.  28 U.S.C. § 994(t).  Therefore, the question the Court must answer to resolve Defendant's motion is

whether Defendant's COVID-19-related health risk combined with her purported rehabilitation constitutes an extraordinary and compelling reason for her early release.[3]

Defendants who premise their compassionate release motions on their risk of exposure to COVID-19 "generally must demonstrate an increased risk of severe illness associated with COVID-19 due to a medical condition, and also that COVID-19 cases are actually present at the facility where [they are] incarcerated." *United States v. Reed*, No. CR 06-193, 2021 WL 914203, at *5 (W.D. Pa. Mar. 10, 2021), *appeal dismissed*, No. 21-1720, 2021 WL 4808011 (3d Cir. July 21, 2021*), and reconsideration denied*, No. CR 06-193, 2022 WL 1120046 (W.D. Pa. Apr. 14, 2022). And evidence of a defendant's rehabilitation is most likely to weigh in favor of granting his or her compassionate release motion when the evidence shows a remarkable degree of change. For instance, the defendant in *United States v. Northcutt*, had been "almost continuously engaged in education courses" for two years, appeared to have no disciplinary infractions on his BOP record, and had "earned 912 days of good time credit." 2021 WL 615207, at *4 (W.D. Pa. Feb. 17, 2021).

Defendant has argued that her risk of severe illness or death from COVID-19 is elevated by underlying medical conditions, including bronchiolar asthma, sleep apnea, epilepsy, high blood pressure, ulcers, and nerve damage on her left side. (Doc. No. 108, pg. 2). She has further argued that she cannot take recommended precautions to avoid exposure to COVID-19 at FCI Aliceville because she must share, *inter alia*, bathroom facilities, phones, and computers with other prisoners. (Doc. No. 108, pg. 18). For rehabilitation, Defendant has submitted certificates

---

[3]  The Court considers these two proposed reasons together because a finding that Defendant's COVID-19-related health risk *combined with rehabilitation* is not extraordinary and compelling necessarily means the Court would have found her COVID-19-related health risk was not extraordinary and compelling on its own.

showing her completion of several adult education courses (*e.g.*, public speaking and conflict resolution) and programs (*e.g.*, workplace success and a housekeeping apprenticeship). (Doc. No. 108, Ex. C). Several of her associates have filed letters in support of her motion attesting to her changed character. (Doc. No. 108, Ex. D; Doc. No. 129; Doc. No. 132).[4]

The Court, having considered Defendant's arguments, exhibits, and medical records, has determined that her proposed reasons for a sentence reduction are not extraordinary and compelling. Presently there are eleven (11) active COVID-19 cases at FCI Aliceville. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS (last visited July 26, 2022), https://www.bop.gov/coronavirus/. While this presents a nonspeculative risk of exposure to COVID-19, it is not a particularly high number of cases among the 1,564 inmates at FCI Aliceville. *FCI Aliceville*, FEDERAL BUREAU OF PRISONS (last visited July 26, 2022), https://www.bop.gov/locations/institutions/ali/. Further, a sizeable majority of the inmates at FCI Aliceville—1,473—are vaccinated. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS (last visited July 18, 2022), https://www.bop.gov/coronavirus/index.jsp. Courts have found that low case counts and high vaccination rates at a defendant's correctional institution weigh against finding extraordinary and compelling reasons warranting a reduction of his or her sentence. *See e.g.*, *United States v. Woodley*, No. CR 13-113, 2022 WL 2467730, at *6 (W.D. Pa. July 6, 2022); *United States v. Doan*, No. 21-2599, 2022 WL 1551830, at *1 (3d Cir. May 17, 2022). Thus, the current numbers for infections and vaccinations at FCI Aliceville do not lend themselves to a finding of extraordinary and compelling circumstances.

---

[4] Some of the letters appear to have been written in support of a petition for pardon (*e.g.*, Doc. No. 108, Ex. D, pgs. 2—3), but the Court has considered them because they are relevant to the matter of Defendant's rehabilitation.

Not only that, but Defendant's underlying medical conditions do not appear to be particularly severe. Her medical records (filed under seal) confirm diagnoses of asthma and epilepsy/seizure disorder. (Doc. No. 116). They also show high blood pressure readings and body mass index ("BMI") numbers that are indicative of instances where Defendant was in range to be considered obese. (*Id.*). However, Defendant's asthma appears to be well managed (*id.*), and her other medical issues do not put her at such a great risk of severe COVID-19 outcomes that it could be said her risk is extraordinary and compelling.[5] Based on the evidence, the Court finds that Defendant's risk of becoming severely ill or dying from COVID-19 is not significant enough to differentiate her from her peers. *Somerville*, 463 F. Supp. 3d at 595—96.

Nor is Defendant's evidence of rehabilitation strong enough to push her over the threshold for showing extraordinary and compelling reasons warrant a reduction of the term of imprisonment. In its May 27, 2022 order (Doc. No. 133), the Court asked Defendant to provide her BOP disciplinary records. Defendant has nine disciplinary events on her record between June 2015 and July 2020 of varying degrees of severity. (Doc. Nos. 134, 135). Though these events do not disprove that Defendant is rehabilitating, particularly where her last infraction is two years old, they undermine Defendant's argument that her rehabilitative efforts thus far are extraordinary. For all these reasons, the Court finds that Defendant has not proven there are

---

[5] Epilepsy is not on the CDC's list of underlying conditions that lead to severe COVID-19 outcomes; obesity puts persons at a "[h]igher risk" for severe COVID-19 outcomes; and there is "[m]ixed evidence" as to whether hypertension causes more severe COVID-19 outcomes. *Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals*, CDC (June 15, 2022), https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html. To the extent Defendant was in range for obesity from time to time, there is no indication she was severely so. (Doc. No. 116).

7

extraordinary and compelling reasons to justify reducing her term of imprisonment.

Accordingly, Defendant's compassionate release motion is denied.[6]

s/ Alan N. Bloch<br>United States District Judge

cc: Sarah Blair, Reg. No. 30052-068
     FCI Aliceville
     P.O. Box 4000
     Aliceville, AL 35442

---

[6] Because Defendant has not shown extraordinary and compelling reasons that warrant a reduction of her sentence, the Court need not address the Section 3553(a) factors in its consideration of Defendant's motion.